UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ROMELL PERRY,

    Petitioner,

v.

Civil No. 2:20-CV-12103
HONORABLE SEAN F. COX

SHERMAN CAMPBELL,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO HOLD THE RESPONSIVE PLEADING ORDER IN ABEYANCE (ECF No. 8) AND ORDERING PETITIONER TO CLARIFY WHETHER HE WISHES TO VOLUNTARILY DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS**

Carl Romell Perry, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge R. Steven Whalen signed an Order of Responsive Pleading, directing respondent to file an answer to the petition by February 25, 2021. Petitioner filed a pleading entitled "Motion to Withdraw Application for Leave to Appeal" (ECF No. 7), which remains pending before the Court. Respondent has filed a motion to hold the responsive pleading order in abeyance pending clarification from petitioner whether he wishes to withdraw his habeas petition. (ECF No. 8). For the reasons stated below, the motion to hold the responsive pleading order in abeyance (ECF No. 8) is GRANTED. Petitioner is ORDERED to clarify within thirty (30) days of this order whether he wishes to withdraw his petition or proceed with the case.

A habeas petitioner can move to voluntarily dismiss his petition for a writ of habeas corpus without prejudice. *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir.1996); *Doster v. Jones*, 60 F.Supp.2d 1258, 1259 (M.D.Ala.1999); *Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980). Petitioner has requested in his motion to withdraw his application for leave to appeal. It is unclear whether petitioner wishes to withdraw his habeas petition or some other document.

1

Petitioner is ordered to clarify with this Court within thirty (30) days of this order whether he wishes to voluntarily dismiss his petition or proceed with the case.  If petitioner fails to respond to the order within thirty (30) days, the Court will assume petitioner wishes to voluntarily dismiss the petition and will dismiss the case without prejudice.

The Court grants respondent's motion to hold the responsive pleading order in abeyance.  A federal court has discretion in extending the time for a state to file a response to a habeas corpus petition. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).  In light of the confusion over petitioner's motion, the Court agrees that respondent is entitled to an extension of time to file an answer to the petition, should petitioner wish to proceed with his case.  Accordingly, the responsive pleading order is held in abeyance.  Should petitioner choose to proceed with his petition, respondent shall have sixty (60) days from the date that petitioner files his notification to proceed with the case to file their answer and Rule 5 materials.

**IT IS HEREBY ORDERED** that the motion to hold the responsive pleading order in abeyance (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall clarify with this Court within **thirty (30) days** of this order whether he wishes to dismiss his petition or proceed with the case.  **If petitioner fails to provide clarification within thirty (30) days of the order, the Court will dismiss the petition without prejudice.**

**IT IS FURTHER ORDERED** that if petitioner indicates he wishes to proceed with the case, respondent shall have **sixty (60) days** from the date that petitioner notifies the Court of his intent to proceed with the case to file an answer and the Rule 5 materials.

Dated: March 3, 2021                                         s/Sean F. Cox
                                                                             Sean F. Cox
                                                                             U. S. District Judge